Robert L. Sallander, Jr. (SBN 118352)
RSallander@gpsllp.com
Chip Cox (SBN 159681)
Chipc@gpsllp.com
GREENAN, PEFFER, SALLANDER & LALLY LLP
2000 Crow Canyon Place, Suite 380
San Ramon, California 94583
Telephone:   925-866-1000
Facsimile:   925-830-8787

Attorneys for Plaintiff
NAVIGATORS SPECIALTY
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY, a New York Corporation,<br><br>             Plaintiff,<br><br>vs.<br><br>PREFERRED CONTRACTORS INSURANCE COMPANY RISK RETENTION GROUP, LLC, a Montana Limited Liability Company,<br><br>             Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF, CONTRIBUTION AND INDEMNITY** |

## INTRODUCTION

1.     Plaintiff Navigators Specialty Insurance Company ("Navigators") seeks contribution and declaratory relief from defendant Preferred Contractors Insurance Company, Risk Retention group, LLC ("Preferred Contractors"). Navigators has defended Premier Builders & Construction Management, Inc., ("Premier") in *Samluk v. Premier Builders & Construction Management, Inc.*, Orange County Superior Court Case No. 30-2017-00907734-CU-OR-CJC. Preferred Contractors wrongfully declined to defend Premier in *Samluk*, and so has imposed that burden on Navigators. Navigators seeks a judicial declaration that Preferred

Greenan,
Peffer,
Sallander &
Lally LLP

Contractors has a duty to defend Premier in *Samluk*, and contribution for Navigators' payment of Premier's defense costs. Navigators also seeks declaratory relief and indemnity from Preferred Contractors for the settlement of claims against premier in *Samluk*.

## PARTIES

2. Navigators Specialty Insurance Company is a corporation organized and existing under the laws of the State of New York, with its principal place of business in the State of New York and is an eligible surplus lines insurer in California.

3. Navigators is informed and believes and on that basis alleges that defendant Preferred Contractors is a Limited Liability Company organized and existing under the laws of the State of Montana with its principal place of business in Carlsbad, California and authorized to transact business in the State of California.

## JURISDICTION

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as plaintiff Navigators is a citizen of the state of New York and defendant Preferred Contractors is a citizen of the States of Montana and California.

5. The amount in controversy in this action exceeds $75,000 exclusive of interest and costs. Navigators has incurred more than $75,000 in defense costs that equitably should have been paid by Preferred Contractors.

6. Preferred Contractors failed to defend Premier in *Samluk*, pending in Orange County, which is within the jurisdiction of this Court.

## CLAIMS IN THE *SAMLUK*

7. Plaintiffs in *Samluk* (hereinafter collectively "Samluk") filed suit in March 2017 naming Premier and D.R. Waterproofing as defendants.

8. Samluk alleged damage to their home at 320 Collins Avenue, in Newport Beach, California.

9. Samluk alleged that Premier contracted in 2008 with Steven Layton to construct the home at 320 Collins Avenue, and Premier subcontracted with D.R. Waterproofing to install waterproofing at the home.

Greenan,
Peffer,
Sallander &
Lally LLP

COMPLAINT

10. Samluk alleged that work done in 2008 by Premier and D.R. Waterproofing damaged their home so as to permit water intrusion causing damage to the wood framing, insulation, drywall, flooring, electrical and mechanical systems, which has rendered the home uninhabitable.

11. D.R. Waterproofing allegedly applied waterproofing to three balcony decks, landing and roof deck, and failed to properly install the waterproofing.

12. The allegedly defective work of Premier and D.R. Waterproofing allegedly caused damage to the work, components and systems installed by defendants and others.

## PREFERRED CONTRACTORS' INSURANCE COVERAGE

13. Navigators is informed and believes and on that basis alleges that Preferred Contractors issued insurance policy number PC10150 to D.R. Waterproofing effective March 18, 2008 to March 18, 2009 providing coverage for property damage caused by an occurrence, subject to additional conditions and exclusions (hereinafter the "Preferred Contractors Policy").

14. Navigators is informed and believes and on that basis alleges that D.R. Waterproofing had agreed to name Premier as an additional insured under a Commercial General Liability Insurance Policy that includes Products/Completed operation coverage, provided on an "occurrence" form, and ISO endorsement Form B CG20-10-11-85 or its equivalent if commercially reasonably available.

15. Navigators is informed and believes and on that basis alleges that as required by D.R. Waterproofing's subcontract with Premier, Preferred Contractors issued a Certificate of Liability Insurance through its agent, Contractors Insurance Group, naming Premier as an additional insured as if Premier was a Member under the Preferred Contractors Policy.

## PREFERRED CONTRACTORS' WRONGFUL DENIAL OF COVERAGE FOR PREMIER

16. Navigators is informed and believes and on that basis alleges that Preferred Contractors agreed to defend D.R. Waterproofing, which was ultimately sued in *Samluk* as the Estate of Duane Harry Rich.

Greenan,
Peffer,
Sallander &
Lally LLP

COMPLAINT

17. Notwithstanding Preferred Contractors' decision to defend D.R. Waterproofing, and its agreement to name Premier as an additional insured for work on the Samluk home, Preferred Contractors wrongfully refused to defend Premier in *Samluk*.

18. Navigators has defended Premier in *Samluk*, under Navigators Policy No. SF06CGL000907-03, and is entitled to contribution from Preferred Contractors for defense costs that Preferred Contractors should have paid to defend Premier in *Samluk*.

## FIRST CAUSE OF ACTION
(For Declaratory Relief)

19. Navigators incorporates the allegations in paragraphs 1 through 18 of this complaint as though fully set forth in this first cause of action.

20. An actual controversy has arisen and now exists between Navigators and Preferred Contractors regarding Preferred Contractors' duty to defend Premier in *Samluk*. Navigators contends the damages sought by plaintiffs against Premier in *Samluk* are potentially covered under the Preferred Contractors Policy and Preferred Contractors is obligated to defend Premier in *Samluk*.

21. Navigators desires a judicial determination of Preferred Contractors' rights and duties under the Preferred Contractors Policy, and a declaration that Preferred Contractors has a duty to defend Premier in *Samluk*.

22. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Navigators and Preferred Contractors may ascertain their respective rights and duties under the Preferred Contractors Policy.

WHEREFORE, Navigators prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
(For Contribution)

23. Navigators incorporates the allegations in paragraphs 1 through 22 of this complaint as though fully set forth in this second cause of action.

24. Premier tendered its defense in *Samluk* to Preferred Contractors, which Preferred Contractors wrongfully denied.

Greenan,
Peffer,
Sallander &
Lally LLP

4

COMPLAINT

25. Navigators subsequently incurred fees and costs to defend Premier in *Samluk* that equitably should have been paid by Preferred Contractors.

26. Preferred Contractors is equitably obligated to reimburse Navigators for the defense costs Navigators paid to defend Premier in *Samluk*.

WHEREFORE, Navigators prays for judgment as set forth below:

### THIRD CAUSE OF ACTION
(For Declaratory Relief)

27. Navigators incorporates the allegations in paragraphs 1 through 26 of this complaint as though fully set forth in this third cause of action.

28. An actual controversy has arisen and now exists between Navigators and Preferred Contractors regarding Preferred Contractors' duty to indemnify Premier in *Samluk*. Navigators contends the damages sought by plaintiffs against Premier in *Samluk* are potentially covered under the Preferred Contractors Policy and Preferred Contractors is obligated to accept reasonable settlement offers regarding claims made against Premier in *Samluk* before exhausting the limits of liability of the Preferred Contractors Policy resolving claims against D.R. Waterproofing.

29. Navigators desires a judicial determination of Preferred Contractors' rights and duties under the Preferred Contractors Policy, and a declaration that Preferred Contractors has a duty to accept reasonable settlement offers regarding claims made against Premier in *Samluk*.

30. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Navigators and Preferred Contractors may ascertain their respective rights and duties under the Preferred Contractors Policy.

WHEREFORE, Navigators prays for judgment as set forth below.

### FOURTH OF ACTION
(For Indemnity)

31. Navigators incorporates the allegations in paragraphs 1 through 30 of this complaint as though fully set forth in this third cause of action.

///

Greenan,
Peffer,
Sallander &
Lally LLP

COMPLAINT

32. Premier tendered its defense in *Samluk* to Preferred Contractors, which Preferred Contractors wrongfully denied.

33. Preferred Contractors duty to defend and settle claims against Premier in *Samluk* is primary to any duties owed by Navigators to Premier in *Samluk*.

34. Preferred Contractors is equitably obligated to reimburse Navigators for any settlements paid to resolve claims against Premier in *Samluk*, before exhausting the limits of liability of the Preferred Contractors Policy resolving claims against D.R. Waterproofing.

WHEREFORE, Navigators prays for judgment as follows.

## PRAYER

1. For a judicial declaration that Preferred Contractors has a duty to defend Premier in *Samluk* under the Preferred Contractors Policy;

2. For judgment in an amount to be proven at trial awarding Navigators contribution from Preferred Contractors for defense costs Navigators paid to defend Premier in *Samluk* that equitably should have been paid by Preferred Contractors;

3. For a judicial declaration that Preferred Contractors has a duty to accept reasonable settlement offers regarding claims made against Premier in *Samluk* before exhausting the limits of liability of the Preferred Contractors Policy resolving claims against D.R. Waterproofing;

4. For judgment in an amount to be proven at trial awarding Navigators contribution from settlements paid to resolve claims against Premier in Samluk, before exhausting the limits of liability of the Preferred Contractors Policy resolving claims against D.R. Waterproofing.

5. For the costs of suit incurred herein;

///
///
///
///
///
///

Greenan,
Peffer,
Sallander &
Lally LLP

COMPLAINT

6. For such other and further relief as this Court may deem just and proper.

Dated: June 4, 2019

GREENAN, PEFFER, SALLANDER & LALLY LLP

By: _____
Robert L. Sallander, Jr.
Attorneys for Plaintiff
NAVIGATORS SPECIALTY INSURANCE COMPANY